1

2

FILED
CLERK, U.S. DISTRICT COURT

AUG. 3 1 2009

C TRAL DI

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11   MICHAEL CONNSERO,                    )
                                          )
12          Plaintiff,                    )   No. CV 09-6150 UA (AJW)
                                          )
13      v.                                )
                                          )
14   JAMES YATES, Warden, et al.,         )   MEMORANDUM AND ORDER
                                          )   TRANSFERRING CASE
15          Defendants.                   )   28 U.S.C. §§ 1391, 1406
                                          )
16   _____     )

17          Plaintiff filed an application to proceed without prepayment of the full filing fee and

18   lodged a complaint for damages pursuant to 42 U.S.C. § 1983.  For the following reasons,

19   the case is transferred to the United States District Court for the Eastern District of

20   California. In light of the transfer of this case, the court expresses no opinion as to whether

21   or not plaintiff's application for leave to proceed without prepayment of the filing fee should

22   be granted.

23          A civil action in which jurisdiction is not based solely on diversity of citizenship may

24   be brought only in (1) a judicial district where any defendant resides, if all

25   defendants reside in the same State, (2) a judicial district in which a

26   substantial part of the events or omissions giving rise to the claim occurred, or

27   a substantial part of property that is the subject of the action is situated, or (3)

28   a judicial district in which any defendant may be found, if there is no district

1   The complaint alleges that while plaintiff was confined at Pleasant Valley State Prison ("PVSP")

2   in Coalinga, California, his civil rights were violated by the warden, associate warden, and correctional

3   staff members at PVSP. Plaintiff cannot bring a section 1983 action for damages against state prison

4   officials in their official capacity in federal court. See Hafer v. Melo, 502 U.S. 21, 25, 27 (1991); Will

5   v. Michigan Dep't of State Police, 491 U.S. 58, 65, 71 (1989); Romano v. Bible, 169 F.3d 1182, 1185

6   (9th Cir.), cert. denied, 528 U.S. 816 (1999).  Plaintiff may attempt to sue defendants in their individual

7   capacity for damages under section 1983; however, the proper venue for those claims is not the Central

8   District of California.  No individual defendant resides in this district, and the events giving rise to

9   plaintiff's claims occurred at PVSP, which is located in Fresno County in the Eastern District of

10  California. See 28 U.S.C. § 84(b).  Therefore, venue is proper in the Eastern District of California.

11   In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the

12  correct district.  See 28 U.S.C. § 1406(a); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992) (per

13  curiam), cert. denied, 507 U.S. 913 (1993).  Accordingly, this case is transferred to the United States

14  District Court for the Eastern District of California.

15

16  **IT IS SO ORDERED.**

17

18  DATED: _____ _Aug 31_ ____, 2009

19

20                          _____
                            AUDREY B. COLLINS
                            United States District Judge
21

22

23

24

25

26

27

28