# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONNSERO, | CASE NO. 1:09-CV-01975-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO OBEY COURT ORDER |
| v. | (DOC. 10) |
| JAMES YATES, et al., | |
| Defendants. | |

Plaintiff Michael Connsero ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 22, 2011, the Court issued an order to show cause why this action should not be dismissed for Plaintiff's failure to obey a court order. Plaintiff was ordered to file a response within eighteen days. As of the date of this order, Plaintiff has not filed a response.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

1

1  1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
2  apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal
3  for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.
4  1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

5       In determining whether to dismiss an action for lack of prosecution, failure to obey a
6  court order, or failure to comply with local rules, the court must consider several factors: (1) the
7  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
8  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
9  their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;
10 *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
11 *Ghazali*, 46 F.3d at 53.

12      In the instant case, the court finds that the public's interest in expeditiously resolving this
13 litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third
14 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
15 injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air*
16 *West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition
17 of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed
18 herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in
19 dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
20 *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order expressly stated:
21 "Failure to timely respond or to show cause will result in dismissal of this action for failure to
22 obey a court order." Thus, Plaintiff had adequate warning that dismissal would result from his
23 noncompliance with the court's order.

24      Based on the foregoing, it is HEREBY ORDERED that this action is dismissed for
25 Plaintiff's failure to obey the Court's March 22, 2011 Order.

26      IT IS SO ORDERED.

27      Dated:   **April 26, 2011**        **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE
28